**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOUL IBRAHIM,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1846-G** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Joul Ibrahim, a noncitizen[1] proceeding with counsel, filed a petition seeking a Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Respondents filed a response to the petition, Doc. 12, and the deadline for a reply has lapsed. So, the matter is at issue.

---

1 This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

2 Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons set forth below, the undersigned recommends that the Court **GRANT** the petition and order Respondents to release Petitioner on an appropriate order of supervision (OOS).

**I. Factual background and procedural history.**

Petitioner is a citizen of Syria who entered the United States on or around July 9, 2024. Doc. 1, at 5. On that date, the Department of Homeland Security (DHS) detained Petitioner. *Id.* Sometime afterwards, DHS initiated removal proceedings against Petitioner before the Immigration Court (IC). *See* Doc. 12, Ex. 1, at 1. Petitioner then filed applications for asylum, withholding of removal, and protection under the Convention Against Torture. *See id.* On June 22, 2025, an Immigration Judge (IJ) denied Petitioner's applications for immigration relief and ordered him removed to Syria. *Id.* at 1, 4. Sometime afterwards, Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals (BIA). *See id.* Ex. 2.

On or around December 15, 2025, Petitioner filed his first bond request, which he later withdrew following a scheduling conflict with his attorney. Doc. 1, at 5. On or around January 5, 2026, Petitioner filed his second bond request. *Id.* The IC granted Petitioner's request and scheduled a bond hearing for January 8, 2026. Before this date, ICE transferred Petitioner from the Bluebonnet Detention Center in Anson, Texas, to the Eden Detention Center

in Eden, Texas. *Id.* at 5-6. On the date of his bond hearing, an IJ dismissed Petitioner's request because he was no longer at the Bluebonnet Detention Center. *Id.* Ex. 1, at 1. On February 2, 2026, Petitioner filed his third bond request. Doc. 1, at 6. On February 5, 2026, an IJ denied Petitioner's bond request citing a "lack of jurisdiction." *See id.*; *see also id.* Ex. 2, at 1.

On February 12, 2026, the BIA denied Petitioner's appeal, making his removal order administratively final. *See* 8 C.F.R. § 1241.1(a); *see also* Doc. 12, Ex. 2. On March 2, 2026, Petitioner appealed the BIA's decision to the Fifth Circuit Court of Appeals, which remains pending.[3] Doc. 1, Ex. 3.

On June 12, 2026, Petitioner filed his fourth bond request. *See* Doc. 15, at 4. On July 1, 2026, an IJ denied Petitioner's request because Petitioner did not establish "a material change in circumstances since the prior custody hearing where the court held that it lacked jurisdiction to address custody." Doc. 12, Ex. 4, at 1. The IJ continued that Petitioner was subject to "an administratively final order of removal and is therefore detained pursuant to [§ 1231]." *Id.*

---

[3] *See Ibrahim v. Blanche*, No. CIV-26-60122 (5th Cir. 2026).

While detained in the Eden Detention Center, Petitioner filed a habeas petition with the Northern District of Texas.[4] *See* Doc. 15, at 1. Sometime afterwards, Petitioner was transferred to the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* On or around August 21, 2026, Petitioner was transferred to the Prairieland Detention Center in Alvarado, Texas. Doc. 13, at 1. On September 2, 2026, Petitioner was returned to the Diamondback Correctional Facility, where he remains detained. Doc. 14, at 1; *see also id.* Ex. 1, at 1.

## II. Petitioner's claims.

Petitioner claims that: (1) his continued detention violates *Zadvydas* because ICE has detained him for a period longer than reasonably necessary to secure his removal; (2) his continued detention violates his substantive Due Process rights under the Fifth Amendment; and (3) the conditions of his confinement, which he alleges constitute criminal punishment, also violates his substantive Due Process rights. Doc. 1, at 12-14; Doc. 15, at 6-7.

---

[4] *See Ibrahim v. Noem*, No. 6:26-CV-00083-H (N.D. Tex. Jul. 16, 2026). On July 16, 2026, the Texas court denied Petitioner's petition, finding that his claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001) was premature because he had not been detained for over six months following an administratively final order of removal. *Id.* Doc. 12.

Petitioner requests that the Court: (1) find that his continued detention violates the Due Process Clause and order his immediate release; (2) issue injunctive relief ordering Respondents to release Petitioner on the same grounds; and (3) "[i]ssue a declaration" that Petitioner's detention violates the Due Process Clause. Doc. 1, at 14.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## IV. Petitioner is entitled to relief under § 1231 and *Zadvydas*.

### A. Petitioner's detention is subject to § 1231.

Under the Immigration and Nationality Act (INA), § 1226(a) allows for the arrest of noncitizens under a warrant and grants ICE the discretion to keep the noncitizen detained or released on bond. By contrast, § 1231(a)(2) requires the mandatory detention of noncitizens who have an administratively final

order of removal during the 90-day removal period. A noncitizen may be subject to an administratively final order of removal following the dismissal of an appeal before the BIA. 8 C.F.R. § 1241.1(a).

Here, Respondents assert that Petitioner's detention is subject to § 1226(a) and, in light of *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), Petitioner is entitled to a custody redetermination before an IJ. Doc. 12, at 1-3. But because Petitioner has an administratively final order of removal, § 1231(a)(2) governs his detention. *See id.* Ex. 2. And, as Respondents recognize, an IJ previously denied Petitioner's release on bond because he is subject to an "administratively final order of removal." Doc. 12, at 2; *see also id.* Ex. 4, at 1.

Under § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days[.]" The 90-day period is known as the "removal period." *Id.* After the removal period, ICE has the discretion to continue to detain inadmissible or criminal noncitizens. *Id.* § 1231(a)(6). The "basic purpose" of § 1231 is "assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699.

However, detention of a noncitizen subject to an administratively final order of removal may not be "indefinite," and the Supreme Court set the "presumptively reasonable period of detention" under § 1231(a)(6) at six

months. *Id.* at 699, 701; *see also Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005) (reiterating "the reasonable period of post-removal detention is presumptively six months"); *Roble v. Pontesso*, 90 F. App'x 334, 336 (10th Cir. 2004) (describing that "[a]s the possibility of removal becomes remote," the purpose of securing a noncitizen's appearance at immigration proceedings "drops out"). "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Therefore, under *Zadvydas*, a petitioner has the initial burden to: (1) show his post-removal-order detention has surpassed six months or to rebut the presumption of reasonableness if such detention is less than six months; and (2) "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.*; *see also Soberanes*, 388 F.3d at 1311 ("If removal is not reasonably foreseeable, the court should hold continued detention unreasonable." (citation modified)). If a petitioner meets his initial burden, "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

**B. Petitioner has met his initial burden.**

To satisfy the burden under *Zadvydas*, a petitioner "must demonstrate the existence of either institutional barriers to repatriation or obstacles particular to his removal." *Dusabe v. Jones*, No. CIV-24-464-SLP, 2024 WL 5465749, at *3 (W.D. Okla. Aug. 27, 2024), *adopted*, 2025 WL 486679 (W.D. Okla. Feb. 13, 2025); *see also Khaliq v. Noem*, 828 F. Supp. 3d 1260, 1267-68 (W.D. Okla. 2026) (confirming that Judges in this District have "looked to whether the petitioner has demonstrated institutional barriers to repatriation or obstacles particular to his removal") (citation modified). Notably, a petitioner is not required to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable." *Zadvydas*, 533 U.S. at 702. Rather, a petitioner need only demonstrate that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* at 701.

Here, the undersigned finds that Petitioner has met his initial burden under *Zadvydas*. *Id.* First, because Petitioner has been detained for approximately eight months following an administratively final order of removal, he has shown that he has been detained past the presumptively reasonable period. *See id.*; *see also* Doc. 12, Ex. 2.

Second, Petitioner has provided good reasons to believe that there is not a significant likelihood that he will be removed in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701. The record does not demonstrate that ICE has made meaningful progress in securing Petitioner's removal to Syria or an alternative country. *See Vishal v. Chestnut*, 811 F. Supp. 3d 1179, 1184 (E.D. Cal. 2025) (finding that petitioner satisfied his burden when he alleged that respondents "failed to provide notice of any progress that has been made over the past seven months to effectuate [petitioner's] removal"); *Trejo v. Warden of ERO El Paso E. Mont.*, No. EP-25-CV-401-KC, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025) (finding that petitioner met his burden in part by demonstrating "that ICE has not identified a third country that will accept him").

Additionally, "mere intent to find a third country," absent "specific communications between the United States and an identified country," is "too speculative to permit indefinite detention." *Momennia v. Bondi*, No. CIV-25-1067-J, 2025 WL 3011896, at *10 (W.D. Okla. Oct. 15, 2025). Here, there is no argument or evidence in the record that demonstrates the Government's purported intent, let alone evidence that the Government has specifically communicated with Syria or an alternative country.

As a result, the undersigned finds that Petitioner has satisfied his initial burden.

**C. Respondents have not rebutted Petitioner's showing.**

Having concluded that Petitioner established "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Here, Respondents offer no argument or evidence rebutting Petitioner's showing. Instead, they contend that his detention is governed by § 1226(a). Doc. 12, at 1-3. Accordingly, the undersigned finds that Respondents have not rebutted Petitioner's showing.

So, the undersigned recommends the Court grant Petitioner's petition and order his immediate release subject to an appropriate OOS. *See, e.g.*, *Bui v. Bondi*, No. CIV-26-91-J, 2026 WL 788947, at *5-6 (W.D. Okla. Mar. 20, 2026) (ordering the petitioner's immediate release "subject to an appropriate Order of Supervision" after finding a due process violation based on the petitioner's prolonged detention with no reasonable likelihood of removal to Vietnam).

## V. Recommendation and notice of right to object.

The undersigned recommends that the Court grant the petition insofar as it seeks release under § 1231 and *Zadvydas* and decline to reach Petitioner's

remaining grounds for release. The undersigned recommends that the Court order his immediate release subject to an appropriate OOS.[5] The Court should further order Respondents to certify compliance by filing a status report within five business days of the Court's order.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 23, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[6] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate

---

[5] The Court cannot grant relief for Petitioner's conditions of confinement claim in a habeas action. *Munoz v. Blanche*, No. CIV-26-1688-J, 2026 WL 2532095, at *4 (W.D. Okla. Aug. 27, 2026) (finding that "a detainee's challenge to the conditions of his confinement must be brought through a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).").

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process.").

review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 16th day of October, 2026.