**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOUL IBRAHIM,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1846-G** |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Joul Ibrahim seeks a Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1.[1] United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Petitioner filed a motion for a temporary restraining order. Doc. 15. For the reasons set forth below, the undersigned recommends that the Court deny Petitioner's motion.

## I. Temporary Restraining Order requirements.

A court may only grant a motion for a temporary restraining order made without notice if the movant's attorney has, in relevant part, "certifie[d] in

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

writing any efforts made to give notice [to the non-movant] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Here, Petitioner has failed to comply with this requirement. In his motion, Petitioner seeks to prevent Respondents from transferring him to another detention facility because doing so would inhibit his ability to "present his case in court" and would cause "extensive financial burden." Doc. 15, at 1-2. However, Petitioner does not explain, and does not submit any evidence of, his attorney's efforts to give Respondents notice or why notice should not be required. So, Petitioner has failed to comply with Fed. R. Civ. P. 65(b)(1)(B).

Therefore, the Court should deny the motion. *See, e.g.*, *Bahadorani v. Bondi, et al.,* No. CIV-25-1091-PRW, Doc. 11 (W.D. Okla. Sept. 24, 2025) (denying temporary restraining order when the petitioner disregarded Fed. R. Civ. P. 65(b)(1)); *Honeycutt v. Mitchell,* No. CIV-08-140-W, 2008 WL 4694226, at *1 (W.D. Okla. Oct. 23, 2008) (recognizing that a temporary restraining order is "an extraordinary remedy, appropriate only when the procedural safeguards of Fed. R. Civ. P. 65(b) are scrupulously honored").

## II. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's motion for a temporary restraining order. Doc. 15. The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 23,

2026, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 16th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE